Garrick S. Lew SBN 61889
600 Townsend Street, Suite 329E
San Francisco, California 94103
Telephone: (415) 575-3588
Facsimile: (415) 522-1506
gsl@defendergroup.com

Attorney for Defendant
Bobby Alexander

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### Oakland Venue

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 07-00488 - CW |
| Plaintiff, ) | |
| ) | DEFENDANT'S SENTENCING |
| vs. ) | MEMORANDUM |
| ) | |
| BOBBY R. ALEXANDER, ) | Date: August 13, 2008 |
| ) | Time: 2pm |
| ) | Judge: Honorable Claudia Wilkins |
| Defendant. ) | |

## I. INTRODUCTION

On April 18, 2008, BOBBY R. ALEXANDER entered a plea of guilty to Count One of the Indictment, a violation of Title 18 U.S.C. §1028(f), Conspiracy to Unlawfully Transfer or Use a Means of Identification of Another. The United States Probation Office has prepared a Presentence Report (PSR) and concluded that the advisory Guideline in this case is Total Offense Level 10, Criminal History Category 10. The PSR recommends the Court adopt a 24 month sentence contrary to the stipulated sentence of 1 year and 1 day imprisonment as set forth in paragraph 8 of the FRCP 11(c)(1)(C) plea agreement. Mr. ALEXANDER urges the court to accept the stipulated sentence of 1 year and 1 day imprisonment for the reasons set forth herein.

Defendant objects to the alleged loss of $15,918.72 set forth in paragraphs 27 and 29 of the plea agreement. Pretrial discovery provided by the government revealed that Mr. Alexander was

primarily responsible for obtaining three cellular phones using false identification. The Plea Agreement also acknowledges that the cell phones are the primary loss. The losses to American Eagle [$1,316,11], Home Depot [$2,067.01], Macy's [$1,614.53], World Financial Network National Bank [$10,362.06] or Dell Computers [$559.01] were compiled by a case agent of the United States Postal Service based upon a theory of liability that the 3 phone numbers of the fraudulently obtained cellular phones were used by other co-conspirators to obtain online merchandise from various retail businesses. Defendant contends that he was not personally involved or responsible for all of these alleged losses, that it is unreasonable and not forseeable that the use of the cell phone numbers could have caused the alleged losses, that the alleged losses are speculative, uncorroborated, prejudicial and requests that the government prove up any claimed losses in excess of $10,000[1].

Mr. ALEXANDER comes now before the Court requesting that the Court, consistent with the dictates of applicable sentencing law, impose a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 USC § 3553(a) and § 3584 and sentence Mr. ALEXANDER, in accordance with the negotiated Plea Agreement, to 1 year and 1 day imprisonment, subject to USSG § 5G1.3 adjustments for undischarged terms of imprisonment, to be followed by a term of Supervised Release with appropriate conditions.

## II. DEFENDANT'S CUSTODIAL HISTORY

From June 25, 2006 through May 10, 2007, defendant BOBBY R. ALEXANDER was in custody serving a 10 month 14 day sentence in the Contra Costa County Jail for drug violations in Contra Costa County Superior Court No. 2006006336. See Exhibit 1, page 4; Records from Technical Services Division, Contra Costa Sheriff's Department.

Twenty one days later, on May 31, 2007, defendant ALEXANDER was arrested by the Antioch Police Department for violations of California Penal Code 530.5 [Unauthorized Use of Personal Identifying Information]; 182(A)(1) [Conspiracy to Commit a Crime]; 496 [Receiving or

---

[1] Paragraph 1(e) of the plea agreement provides for restitution " Court to determine but no less than $10,000 total".

**DEFENDANT'S SENTENCING MEMORADUM [CR 07-00488 - CW]**          2

1  Concealing Stolen Property]; Health and Safety Code 11550 [Under the Influence of a Controlled
2  Substance]. Exhibit 1, page 6. Mr. Alexander's State Parole Officer also placed a hold on his
3  person at the same time for a parole violation. Exhibit 1, page 7.

4  On August 13, 2007 a federal hold was placed on BOBBY R. ALEXANDER by the United
5  States Postal Service at the Contra Costa County Jail based on the underlying federal Indictment
6  charging a violations of 18 U.S. C. 1028(f). Exhibit 1, page 9.

7  On August 24, 2007 defendant BOBBY R. ALEXANDER was arrested on the underlying
8  Indictment by federal agents and taken from the Contra Costa County Jail. Exhibit 1, page 11.

9  On September 5, 2007 defendant ALEXANDER first appeared in the instant proceedings
10 and was ordered DETAINED by Magistrate Wayne Brazil. Exhibit 2, page 1. Defendant was
11 remanded to the custody of the United States Marshall's Service and remained in custody at West
12 County Jail, 5535 Giant Highway, Richmond, CA through October 2007 at which time defendant
13 was transferred to San Quentin State Prison where he remained until December 19, 2007 when he
14 was discharged from that institution. See Exhibit 3, page 6.

15 On January 3, 2008 defendant ALEXANDER voluntarily appeared for further detention
16 hearing before Magistrate Brazil and was released on a $100,000 personal recognizance bond
17 subject to GPS monitoring by his state parole officer. See Exhibit 3, page 2.

18 On February 6, 2008 defendant ALEXANDER appeared before Magistrate Brazil for further
19 bond review and was ordered DETAINED due to dirty drug tests and no available residential
20 treatment programs that can house California Penal Code 290 pretrial detainees. Defendant has
21 remained in pretrial detention since his remand. Exhibit 3, page 3.

## III. RELEVANT CONDUCT

23 The Indictment in this matter alleges a conspiracy that began no later that April 2006 and
24 ended in May 2007 when a large number of the defendants, including defendant ALEXANDER,
25 were arrested at the Best Western Motel in Antioch, California on May 31, 2007.

26 Defendant ALEXANDER was charged with co-defendants ANDREW MATHEWS, CORY
27 JON KAUTZMAN and DANIELLE ROSALIE REYES with equivalent state offenses of California
28 Penal Code 530.5 [Unauthorized Use of Personal Indentifying Information]; 182(A)(1) [Conspiracy

to Commit a Crime]; 496 [Receiving or Concealing Stolen Property] based on the same conduct and evidence the United States Attorney relied upon to obtain the Indictment in the instant proceedings. Counsel has reviewed a 3 day preliminary hearing transcript in *People v. Mathews*, *Kautzman, Reyes and Alexander*, Contra Costa Superior Court No. 154398-2 and contends that the Contra Costa case involved conduct relevant to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2) or (a)(3) of § 1B1.3. Defendant was in state custody from May 31, 2007 until August 24, 2007, a total of 86 days, in Case No. 154398-2 until federal agents arrested him at the Contra Costa County Jail.

Defendant Alexander was simultaneously held in custody by the California State Parole Board in Case No. CDC T91182, pursuant to 2 separate parole revocations from May 31, 2007 until his discharge on December 19, 2007. Mr. ALEXANDER's initial state parole revocation on June 19, 2007 was based upon possession of drug paraphernalia and use of controlled substances. He received a 6 month sentence for this violation. Exhibit 4, pages 7-10. On July 26, 2007 the Indictment in the instant proceeding was released. On August 24, 2007 the State Parole Board held a second revocation hearing based upon the recently issued federal Indictment and Mr. ALEXANDER received a 12 month sentence as a result of the same relevant conduct in the instant offense. Exhibit 4, pages 2-5. Mr. ALEXANDER sentenced to 12 months and served a total of 202 days in custody for his second parole violation.

### IV. UNDISCHARGED TERMS OF IMPRISONMENT

Mr. ALEXANDER is entitled to an adjustment to the length of his sentence pursuant to § 5G1.3(b) for the following undischarged periods of imprisonment already served that will not be credited to the federal sentence by the Bureau of Prisons;

1. 86 days in *People v. Mathews*, *Kautzman, Reyes and Alexander*, Contra Costa Superior Court No. 154398-2 from May 31, 2007 to August 24, 2007.

2. 202 days in California State Parole Board, Case No. CDC T91182 from May 31, 2007 to December 19, 2007.

3. 118 days federal pretrial detention from August 24, 2007 when arrested by federal agents and ordered detained by Magistrate Brazil on September 5, 2007 until released by San

Quentin on December 19, 2007.

4. 190 days pretrial detention from February 6, 2008 pursuant to Magistrate Brazil's order of pretrial detention of defendant ALEXANDER.

Defendant has 510 actual days of undischarged term of imprisonment accumulated from other state offenses involving relevant conduct to the instant offense or pretrial custodial detention time that the court must take into consideration in determining a fair adjustment to defendant's length of imprisonment. These undischarged terms of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

Application Note 3( C) of 5G1.3 acknowledges a policy statement set forth in Application Note 4, subsection (f) of § 7B1.3 that recommends that the sentence for the underlying substantive offense run consecutive to any parole revocation sentence. However, Application Note 3(D) of § 5G1.3 recognizes Complex Situations where defendants, such as Mr. ALEXANDER, "may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules. In such a case the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in appropriate manner to achieve a reasonable punishment for the instant offense."

Defendant has served more than 1 year and 1 day in custody for the instant count of conviction and should be ordered released forthwith on the day of sentencing. Defendant moves the court pursuant to § 5G1.3 (b) and ( c) to fashion an appropriate and reasonable sentence in accordance with 18 U.S.C. § 3584 and the factors set forth in 18 U.S.C. § 3553(a).

## II. A REASONABLE SENTENCE

The PSR has calculated a Guideline level of 10, which is the offense level contemplated by the parties in the plea agreement. The Probation Department has recommended that the court impose a sentence of 24 months which does not reflect the stipulated sentence agreed to by the parties as set forth in the FRCP 11(c)(1)(C) plea agreement. While the Court must still correctly calculate the advisory Guidelines, it remains at liberty to accept or reject the conditional plea of defendant. Defendant ALEXANDER contends that a sentence of 1 year and 1 month in this case is a reasonable sentence. Defendant urges the Court to accept the agreed upon sentence as specified

DEFENDANT'S SENTENCING
MEMORADUM [CR 07-00488 - CW]                 5

in the parties plea agreement.

At the time defendant appears before the court he will have already served 510[2] actual days in custody based on relevant conduct involved in the instant offense. Should the court decline to recognize the 202 days served for defendant's state parole revocation as an undischarged term of imprisonment deserving of a sentence adjustment, defendant still would have served 394[3] days in actual custody for the instant offense. A reasonable sentence with appropriate adjustments taking into consideration the time defendant has already served in custody should be a sentence of "time served."

## CONCLUSION

For the reasons set forth herein, defendant respectfully requests that the Court accept the plea agreement of the parties and sentence defendant to 1 year and 1 day in a federal correction institution and adjust defendant's remaining term of imprisonment factoring in the multiple undischarged terms of imprison already served.

Dated: August 7, 2008

Respectfully submitted,

Garrick S. Lew
Attorney for Defendant BOBBY R. ALEXANDER

---

[2] The 510 days is the sum of 202 +118 +190= 510 days. The 86 days in Contra Costa Case No. 154398-2 was running simultaneously with the 202 day parole revocation sentence.

[3] The 396 days of undischarged term of imprisonment is the sum of 86 + 118 + 190.

DEFENDANT'S SENTENCING
MEMORADUM [CR 07-00488 - CW]          6